56 CCPA

**BAKERS FRANCHISE CORPORATION,**
Appellant,

v.

**ROYAL CROWN COLA CO., Appellee.**

Patent Appeal No. 8028.

United States Court of Customs
and Patent Appeals.

Jan. 9, 1969.

Weil & Lee, Gilbert H. Weil, Alfred T. Lee, New York City, for appellant.

Brumbaugh, Free, Graves & Donohue, Kay S. Cornaby, New York City, (Richard G. Fuller, Jr., New York City, of counsel) for appellee.

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, and BALDWIN, Associate Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, 150 USPQ 698, sustaining appellee's opposition to the registration by appellant of RITE DIET on the Principal Register for "Low Fat Fluid Milk," application serial No. 163,213, filed February 21, 1963, claiming first use October 23, 1962.

Appellee's opposition is based on its registration and prior use of DIET-RITE for "Dietetic Soft Drinks and Concentrates for Making the Same." [1]

The sole issue is likelihood of confusion within the meaning of section 2

---

1. Reg. No. 600,085, issued Dec. 28, 1954, to Nehi Corporation, now by change of name Royal Crown Cola Co.

(d) of the Trademark Act of 1946, as amended (15 U.S.C. § 1052(d)).

Regarding the marks DIET-RITE and RITE DIET, the board said:

The third party registrations introduced by applicant indicate that "DIET" as used in marks for food products is either highly suggestive or descriptive. However, the applicant's compound mark includes the same words which make up opposer's mark, that is to say "RITE DIET" is merely "DIET-RITE" transposed. The marks of the parties create substantially the same commercial impressions and "RITE DIET" is but a colorable imitation of "DIET-RITE".

Appellant found no fault with this analysis; nor do we.

However, urging that the goods of the parties are only superficially similar and are not of such a nature as might be thought to emanate from a single source, appellant maintains that confusion is unlikely. Specifically, appellant contends that the public would not believe that skim milk and dietetic soft drinks emanate from a single source since "On the one hand is the soft-drink industry, which specializes in producing variously flavored, effervescent beverages from syrups, and chemical ingredients * * * [and on] the other is the dairy industry, with cows and farms and sanitary freshness." This argument of course assumes that the ordinary consumer is aware of these differences in the soft drink and dairy industries and is conscious of these differences as he selects his groceries. We are not prepared to make these assumptions.

It is pertinent to point out that it is not uncommon for dairies to market non-milk beverages, such as fruit juices and fruit-flavored drinks. Furthermore, skim milk and dietetic soft drinks are commonly sold through the same retail outlets, are sometimes kept side-by-side in the same refrigerated cabinets and are usually purchased by the same class of customers, "calorie counters" watchful of their weight. Also, appellee points out that it has, since 1938, marketed a chocolate-flavored milk drink as one of the beverages in its NEHI line of flavored drinks, and contends that, because it would be an entirely normal and natural expansion of the DIET-RITE line of low-calorie beverages for appellee to produce and sell a low-calorie chocolate milk drink under the trademark DIET-RITE, appellant's use of the mark RITE DIET on a low-fat milk product is even more likely to cause public confusion.

Also, appellee has made of record a verified Notice of Opposition filed by appellant in a prior proceeding [2] where, on the basis of its registration of LITE DIET for *skim milk*,[3] appellant successfully opposed registration of the identical mark for *soft drinks*. In the Notice of Opposition appellant alleged, inter alia:

The goods of applicant as described in the application hereby opposed are of such nature that, when identified by a mark identical to that previously used and registered by opposer, a likelihood will arise that members of the public will believe that applicant's goods are made by opposer [appellant here] or have some connection with it.

Appellee maintains that this allegation of "similarity" between *skim milk* and *soft drinks* (which we take to refer to similarity of use and marketing) is a "prior inconsistent statement" which discredits appellant's contention here that *low fat fluid milk* and *low calorie soft drinks* are so dissimilar that, notwithstanding the admitted similarities of the marks RITE DIET and DIET-RITE, there is no likelihood of confusion.

■■ The board, referring to appellant's prior allegation, said:

It is well established that an admission contained in the pleading of one

2. Bakers Franchise Corp. v. Marbert Products, Inc., opposition No. 43,665.

3. Reg. No. 735,768, Aug. 7, 1962.

action may be received in evidence against the pleader on the trial of another action. [Citations omitted.] The question is not admissibility but probativeness.

The board went on to sustain the opposition, saying:

> The goods of the parties are, of course, different. We do have some reservations as to whether the public will assume that a milk product originates with or may in some way be connected with a producer of soft drinks. In view, however, of applicant's admission as to the nature of the goods; of the fact that *the involved goods are dietetic beverages sold to the same purchasers in the same stores*; and that the *applicant's mark is but a transposition of opposer's mark*, we resolve that doubt in favor of the prior user. [Our emphasis.]

Appellant acknowledges that the board properly did not give to the prior pleading the conclusive effect of a true admission, but contends, giving several reasons, that it was improper for the board to draw any inference therefrom. Suffice it to say that, although we are of the opinion that appellant's prior pleading was properly admitted and considered by the board, we are also of the opinion that, even absent such an inference as the board may have drawn, the similarities of the parties' marks and the common characteristics, uses, and purchasers of their goods are such that the conclusion that there is a likelihood of confusion is inescapable.

The decision of the board is therefore affirmed.

AFFIRMED

WORLEY, C. J., concurs in the result.

SMITH, J., participated in the hearing of this case but died before a decision was reached.